IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
IN OPEN COURT

NOV 17 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 2:16cr_161 |
| | ) | |
| | ) | 18 U.S.C. § 2251(a) |
| v. | ) | Production of Child Pornography |
| | ) | (Counts One and Two) |
| | ) | |
| STERLIN D. WILLIAMS, | ) | 18 U.S.C. § 2252A(a)(5)(B) |
| | ) | Possession of Child Pornography |
| Defendant. | ) | (Count Three) |
| | ) | |
| | ) | 18 U.S.C. § 2253 |
| | ) | Criminal Forfeiture |

## INDICTMENT

November 2016 Term -- At Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

## COUNT ONE

On or about June 13, 2015, in the Eastern District of Virginia, the defendant STERLIN

D. WILLIAMS did knowingly employ, use, persuade, induce, entice, and coerce L.C., a minor,

to engage in sexually explicit conduct for the purpose of producing a visual depiction of such

conduct, and which visual depiction was produced using materials that have been mailed,

shipped, and transported in and affecting interstate and foreign commerce by any means,

including by computer, to wit: a video entitled "$RJAUBJQ."

(In violation of Title 18, United States Code, Sections 2251(a) and (e).)

## COUNT TWO

On or about July 1, 2015, in the Eastern District of Virginia, the defendant STERLIN D.

WILLIAMS did knowingly employ, use, persuade, induce, entice, and coerce L.C., a minor, to

engage in sexually explicit conduct for the purpose of producing a visual depiction of such

conduct, and which visual depiction was produced using materials that have been mailed,

*United States of America v. Sterlin D. Williams*

shipped, and transported in and affecting interstate and foreign commerce by any means,

including by computer, to wit: videos entitled "$RGLCIM6" and ""$RKWARIB."

(In violation of Title 18, United States Code, Sections 2251(a) and (e).)

## COUNT THREE

On or about July 1, 2015, in the special maritime and territorial jurisdiction of the United

States of America and in the Eastern District of Virginia, the defendant STERLIN D. WILLIAMS,

did knowingly possess one or more matters which contained visual depictions that had been

mailed, shipped and transported using a means and facility of interstate and foreign commerce and

in and affecting interstate and foreign commerce, and which was produced using materials which

had been so mailed, shipped and transported, by any means including by computer, and the

production of such visual depictions involved the use of a minor engaging in sexually explicit

conduct, and such visual depictions are of such conduct., to wit: the defendant knowingly

possessed a Toshiba Satellite Laptop, Model P755-S5174, SN ZB215769K, which contained

videos entitled "$RJAUBJQ," "$RGLCIM6," and "$RKWARIB."

(In violation of Title 18, United States Code, Sections 2252(a)(4)(B) and (b)(2), 2256(1)

and (2).)


## CRIMINAL FORFEITURE

THE GRAND JURY FURTHER ALLEGES THAT:

A.      Defendant STERLIN D. WILLIAMS, upon conviction of any count in this

Indictment, as part of the sentencing of the defendant pursuant to Fed.R.Crim.P. 32.2, shall

forfeit to the United States:

1.   Any and all matter which contains child pornography or any visual depiction

described in Title 18, United States Code, Sections 2251, 2251A, 2252, 2252A, 2252B, or 2260

*United States of America v. Sterlin D. Williams*

produced, transported, mailed, shipped, or received in violation of Title 18, United States Code, Section 2251 *et seq.*;

      2.    Any and all property, real and personal, used or intended to be used in any manner or part to commit or to promote the commission of violations of Title 18, United States Code, Section 2251 *et seq.*, and any property traceable to such property;

      3.    Any and all property, real and personal, constituting, derived from, or traceable to gross profits or other proceeds obtained from the violations of Title 18, United States Code, Section 2251 *et seq.*; and

      4.    Any other property of the defendant, up to the value of the property subject to forfeiture, if any property subject to forfeiture, as a result of any act or omission of the defendant (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty.

      B.    The property subject to forfeiture under Paragraph A includes, but is not limited to, the following items seized from the defendant in or around February 2016:

One (1) Toshiba Satellite Laptop, Model P755-S5174, SN ZB215769K with Toshiba 750 GB Hard Drive, Model MK757GSX, Serial Number Z15ISCXKS;

(All pursuant to Title 18, United States Code, Sections 2253 and 981(a)(1)(C); Title 28, United States Code, Section 2461(c); and Title 21, United States Code, Section 853(p).)

3

Pursuant to the E-Government Act, the original of this page has been filed under seal in the Clerk's Office

*United States of America v. Sterlin D. Williams*    2:16cr 161

A TRUE BILL:

*Redacted*

FOREPERSON

Dana J. Boente
UNITED STATES ATTORNEY

By: *Alyssa K. Nichol*

Alyssa K. Nichol
Massachusetts Bar No. 681771
Special Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-3554
Email Address – alyssa.nichol@usdoj.gov